IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YURY BALAKIREV and VIOLETTA BALAKIREVA, <br><br> Plaintiffs, <br><br> v. <br><br> UR M. JADDOU, Director, United States Citizenship and Immigration Services, <br><br> Defendant. | 4:23CV3033 <br><br> MEMORANDUM AND ORDER |

  This matter is before the Court on plaintiffs Yury Balakirev ("Balakirev") and Violetta Balakireva's ("Balakireva" and together, the "plaintiffs") Motion for Declaratory Judgment, or Alternatively, to Compel Defendant to Complete the Administrative Record, or Alternatively, to Conduct Discovery (Filing No. 19). Also before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction in Light of Subsequent Administrative Developments (Filing No. 23) filed by defendant Ur M. Jaddou, the current director (the "Director") of the United States Citizenship and Immigration Services ("USCIS"). *See* Fed. R. Civ. P. 12(b)(1). Because recent events warrant dismissal, the Director's motion is granted in part and denied in part, and the plaintiff's is denied as moot.

**I. BACKGROUND**

  Balakirev and his wife, Balakireva, are Russian nationals living in Gardena, California, with their minor daughter, a United States citizen. Balakirev is a "researcher, professor, and healthcare executive in the medical science and healthcare administration industries . . . recognized for his significant contributions to" those fields.

  Based on those achievements, Balakirev filed a Form I-140 Immigrant Petition for Alien Workers ("Form I-140") with the USCIS. *See* 8 U.S.C. § 1153(b)(1)(A) (prioritizing the issuance of employment-based visas to workers with "extraordinary

ability in the sciences, arts, education, business, or athletics"); 8 C.F.R. § 204.5(h) (setting forth the evidentiary burden to petition for a visa on this basis). That petition was filed on February 3, 2022, along with the plaintiffs' Form I-485 Applications to Register Permanent Residence or Adjust Status ("Form I-485"). *See* 8 C.F.R. § 245.2(a)(2)(i)(C) (providing for the concurrent filing of a visa petition and an adjustment application); *Thigulla v. Jaddou*, 94 F.4th 770, 772 (8th Cir. 2024) (explaining that a foreign national must obtain both an approved Form I-140 and Form I-485 to become a lawful permanent resident).

The USCIS adjudicated Balakirev's Form I-140 at its Nebraska Service Center in Lincoln, Nebraska. Under the "two-step approach to adjudication" of Form I-140 petitions adopted by the USCIS, "the agency [first] assesses whether the applicant submitted the required 'initial evidence' listed in the [corresponding] regulation by a preponderance of the evidence." *Amin v. Mayorkas*, 24 F.4th 383, 388 (5th Cir. 2022) (quoting USCIS, *Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the Adjudicator's Field Manual (AFM) Chapter 22.2, AFM Update AD11-14*, PM-602-0005.1, at 5 (2010)); *see also* 8 C.F.R. § 204.5(h)(3) (requiring a petitioner to set forth initial evidence of at least three of the ten criteria or "of a one-time . . . major, international recognized" achievement). Second, the USCIS "conducts a 'final merits determination' to determine whether, as a whole, the evidence is sufficient to demonstrate that the applicant meets the 'required high level of expertise.'" *Amin*, 24 F.4th at 388 (quoting USCIS, PM-602-005.1, at 5); *see also* USCIS, *Policy Manual*, Vol. 6 Part F Ch. 2.

In his Form I-140 petition, Balakirev asserted he qualified for an "extraordinary ability" worker visa (an "EB-1A visa") based on seven of the ten regulatory criteria. On October 31, 2022, the USCIS issued a Request for Evidence ("RFE") notifying Balakirev it believed he had only satisfied two of those criteria by providing sufficient evidence of his (1) "participation, either individually or on a panel, as a judge of the work of others in

the same or an allied field of specification for which classification is sought" and (2) "authorship of scholarly articles in the field, in professional or major trade publications or other major media." 8 C.F.R. § 204.5(h)(3)(iv), (vi). Balakirev contends the analysis in that RFE reveals the USCIS "did not consider the record in good faith" at this stage.

Nonetheless, Balakirev responded to the RFE in January 2023 with additional evidence to support his Form I-140 petition. On February 17, 2023, the USCIS denied Balakirev's petition for an EB-1A visa, again deciding his evidence sufficed to demonstrate only two out of the three required criteria. Balakirev disputes this decision, asserting its analysis further evidences the USCIS's failure "to consider all of the evidence in the record."

The plaintiffs filed this Complaint (Filing No. 1) on March 16, 2023, complaining the USCIS's February 17, 2023 denial (the "First Decision") of Balakirev's Form I-140 petition "was without merit and arbitrary and capricious." As such, they argue it violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*., and seek "injunctive relief that tolls the acquisition of unlawful presence" while their APA claim is considered.

On May 2, 2023, the USCIS unilaterally reopened Balakirev's Form I-140 petition. In the Service Motion issued that day, the USCIS stated that for the agency "to make a new decision on the case . . . the petitioner [would] need to provide additional evidence or other information." To give Balakirev an opportunity to respond with additional evidence, the Service Motion indicated the USCIS would soon send a Notice of Intent to Deny ("NOID") with further instructions. In the meantime, the parties sought and received extensions of time for the Director to answer the plaintiffs' Complaint in light of the reopened administrative proceedings (Filing Nos. 7, 9).

The USCIS issued a NOID on June 15, 2023. The USCIS explained that it was "in possession of adverse information" of which Balakirev may have been unaware, and

3

was accordingly providing him an opportunity to respond. *See* 8 C.F.R. 103.2(b)(l6)(i) ("If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the [USCIS] and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered."). The NOID went on to describe where the agency believed Balakirev's evidence fell short and, in some places, contradicted other evidence in the USCIS's possession, including information from prior immigration-related forms filed by Balakirev. Balakirev once again responded with additional evidence on July 18, 2023, all the while protesting the USCIS's course of action in reopening the matter.

Finally, the USCIS issued a decision on September 14, 2023 (the "Second Decision"), denying Balakirev's reopened petition. In that decision, the USCIS highlighted the discrepancies left unresolved by his evidence that "raise[d] questions about the credibility of other statements made by" Balakirev. As before, the agency found he failed to support his petition with evidence sufficiently establishing he met three of the regulatory criteria.

The Director answered the Complaint (Filing No. 12) the next day. On November 13, 2023, the Court entered the parties' Joint Proposed Progression Schedule (Filing No. 17), providing, among other things, that the Director would file the administrative record by December 29, 2023, and that the plaintiffs would either move for summary judgment or challenge that record by March 8, 2024.

On December 11, 2023, the Director filed the extensive administrative record from the adjudication of Balakirev's Form I-140 petition, including records from the reopened proceedings. A few months later, the plaintiffs filed the present motion "request[ing] that this Court declare that the administrative record was closed on February 17, 2023, the date" of the First Decision. They claim the administrative record submitted by the Director "is improper, as it was uncertified and included documents produced after" that

4

denial. In the alternative, they move "to compel discovery and order [the Director] to complete the administrative record."

The Director has not only opposed that motion[1] (Filing No. 22) but has also moved to dismiss the plaintiffs' Complaint pursuant to Rule 12(b)(1). According to her, the First Decision the pleadings challenge "no longer constitutes a final agency action" in light of the subsequent reopening and second denial of Balakirev's Form I-140 petition. Those intervening events also render his claims moot, she argues.

On April 5, 2024, the plaintiffs moved to stay the deadline to respond to the Director's Rule 12(b)(1) motion (Filing No. 24), arguing the Court should address their pending motion first "to ensure judicial economy, fairness, and the preservation of the Court's authority." The Court rejected that invitation (Filing No. 34) because (1) the plaintiffs had not demonstrated they would be irreparably injured without a stay and (2) ensuring the Court has subject-matter jurisdiction over the action takes priority in these circumstances. Both pending motions are now fully briefed and ripe for the Court's decision.

## II. DISCUSSION

### A. Standard of Review

The APA "limits the agency actions that are subject to judicial review" to those that "'mark the consummation of the agency's decisionmaking process.'" *Corner Post, Inc. v. Bd. of Governors of Fed. Res. Sys.*, 603 U.S. ___, ___, 2024 WL 3237691, at *6 (U.S. July 1, 2024) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-178 (1997)); *see also* 5 U.S.C. § 704 (subjecting only "final agency action . . . to judicial review"). That finality requirement is part of the plaintiffs' "cause of action and [is] not jurisdictional." *Iowa League of Cities v. EPA*, 711 F.3d 844, 863 n.12 (8th Cir. 2013); *see also Air Courier*

---

[1] In response, the Director also filed signed Certification of Document forms (Filing No. 21). The plaintiffs assert "[t]he contents and timing of this document are riddled with irregularities" and question whether its "signatures are [] genuine" (Filing No. 32).

*Conf. of Am. v. Am. Postal Workers Union AFL-CIO*, 498 U.S. 517, 523 n.3 (1991). Thus, the Court reviews the Director's claim that the First Decision no longer constitutes final agency action as an argument under Federal Rule of Civil Procedure 12(b)(6). *See Corner Post*, 603 U.S. at ___, 2024 WL 3237691, at *6; *Oryszak v. Sullivan*, 576 F.3d 522, 525 (D.C. Cir. 2009) (explaining courts have jurisdiction under 28 U.S.C. § 1331 over APA claims that do not qualify for judicial review but may "properly grant a motion to dismiss . . . for failure to state a claim" in such cases).

In the Rule 12(b)(6) context, the Court accepts as true the well-pleaded facts in the plaintiffs' Complaint and grants all reasonable inferences in their favor. *See Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022). The Court generally ignores "materials outside the pleadings but may consider materials that are part of the public record or do not contradict the complaint, and materials that are 'necessarily embraced by the pleadings.'" *Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.*, 951 F.3d 952, 955 (8th Cir. 2020) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). The Court will deny the Director's motion in this regard if the plaintiffs' Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

On the other hand, the Director's argument that subsequent events have mooted the plaintiffs' claim is a jurisdictional one. *See Glow in One Mini Golf, LLC v. Walz*, 37 F.4th 1365, 1371 (8th Cir. 2022) (stating that "where, over the course of the litigation a case has become moot, [the Court] lack[s] jurisdiction and must dismiss the action"). The Court considers Rule 12(b)(1) motions under different standards depending on whether they raise a facial or factual attack on the Court's jurisdiction. *See Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018). In a factual attack like this one, which "challenges the veracity of the facts underpinning subject matter jurisdiction," the Court "considers matters outside the pleadings, and the non-moving party does not have the

6

benefit of the 12(b)(6) safeguards." *Id.* (first quoting *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009), then quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

### B. Analysis

As noted above, the APA generally subjects only "final agency action" to judicial review. 5 U.S.C. § 704. To be final, "the action must [both] mark the 'consummation of the agency's decisionmaking process'" and "'be one by which rights or obligations have been determined, or from which legal consequences will flow.'" *Sisseton-Wahpeton Oyate of Lake Traverse Rsrv. v. U.S. Corps of Eng'rs*, 888 F.3d 906, 915 (8th Cir. 2018) (quoting *Bennett*, 520 U.S. at 177-78). A claim is not actionable under the APA unless and until that final agency action has inflicted a concrete injury on the plaintiff. *See Corner Post*, 603 U.S. at ___, 2024 WL 3237691, at *6.

The Director contends the First Decision challenged by the plaintiffs' Complaint is not a final agency action following the USCIS's reopening of Balakirev's Form I-140 petition and Second Decision. The plaintiffs, on the other hand, assert the First Decision should nonetheless be considered final because the USCIS improperly reopened Balakirev's petition "in name only" to "intentionally delay[] the instant litigation." The plaintiffs' claims are serious, but the Court's careful review reveals they appear to be without merit.

In limited circumstances, courts have held a formal determination remained final even after immigration proceedings were reopened where the case was reopened "in name only." *RELX, Inc. v. Baran*, 397 F. Supp. 3d 41, 51 (D.D.C. 2019); *see also 72andsunny Partners LLC v. Mayorkas*, Case No. 2:22-cv-04465-CAS-GJS, 2022 WL 19076655, at *2 (C.D. Cal. Dec. 6, 2022); *Mantena v. Hazuda*, Case No. 17cv5142, 2018 WL 3745668, at *6 (S.D.N.Y. Aug. 7, 2018). "[F]acts unique to" those cases warranted such a conclusion where, for example, the USCIS "failed to follow the [applicable] regulation" in reopening the case, "failed to proffer any reasons for" the reopening, and

requested virtually no new evidence than that "provided during its original review." *RELX, Inc.*, 397 F. Supp. 3d at 51-52; *see also Mantena*, 2018 WL 3745668, at *6 (finding the USCIS reopened the plaintiff's case "in name only" where it failed to identify "'issues with the original decision and areas that warranted further evidentiary development'" or "request more evidence or set forth any way in which it would investigate further" (quoting *6801 Realty Co. v. USCIS*, 719 F. App'x 58, 60 (2d Cir. 2018) (summary order))).

The same is not true in Balakirev's case. *See Amponsah v. Barr*, Case No. 20 C 4639, 2020 WL 7327699, at *2 n.1 (N.D. Ill. Dec. 11, 2020) ("The gamesmanship in these cases does not accord to the present facts, where the USCIS is soliciting further information from Plaintiff."); *6801 Realty Co.*, 719 F. App'x at 60 (concluding the "USCIS's reopening rendered the initial visa denial non-final" where it "actually reopened the decision and actively sought new evidence"). Despite the plaintiffs' claims, the USCIS appears to have largely complied with regulation in reopening Balakirev's visa proceedings. The agency issued the requisite Service Motion and NOID, and provided Balakirev an appropriate amount of time to respond with additional evidence. *See* 8 C.F.R. § 103.2(b)(l6)(i), 103.5(a)(5)(ii).

Further, from the moment the agency reopened the proceedings, the USCIS made clear that it was requesting and would carefully consider additional evidence. In fact, the plaintiffs concede "the NOID requested more evidence than the RFE" issued before the First Decision. Though the plaintiffs attempt to frame this fact as demonstrating potential bad faith, the NOID reasonably reflects the agency's attempt to communicate areas in which it believed Balakirev's evidence not only needed refinement but also contradicted other information in its possession. With that explanation, Balakirev was given a genuine opportunity to elaborate upon his original evidence and further support his petition for an EB-1A visa.

All things considered, the Court is not convinced the USCIS acted improperly or duplicitously in reopening Balakirev's Form I-140 petition proceedings and giving him a second chance to meet his evidentiary burden. *See Ahlijah v. Nielson*, Civil Action No. PX-17-1720, 2018 WL 3363875, at *2 (D. Md. July 10, 2018) (stating "courts should not interfere in [the USCIS's] process" of reopening and reconsidering "previously 'final agency actions' . . . absent extraordinary circumstances, such as evidence of affirmative misconduct"). That reopening and the agency's issuance of its Second Decision, therefore, render the First Decision non-final for purposes of the APA as that initial determination no longer represents the agency's "last word" on Balakirev's petition. *Whitman v. Am. Trucking Assocs.*, 531 U.S. 457, 478 (2001); *see also Ahlijah*, 2018 WL 3363875, at *2 (collecting cases that have concluded the reopening of an immigration petition rendered a previous decision in the case non-final). For that reason, the plaintiffs' Complaint must be dismissed.

The Court therefore need not determine whether the plaintiffs' challenge to the First Decision is moot. Though courts have dismissed such claims as moot in similar circumstances, that question often involves complex considerations. *See, e.g., Castillo Castillo v. Jaddou*, Case No. 22-CV-81692-RAR, 2023 WL 5015433, at *3 (S.D. Fla. Aug. 6, 2023). That is especially true here where the plaintiffs could potentially challenge the USCIS's intermediate First Decision in seeking review of the USCIS's final agency action. *See* 5 U.S.C. § 704 ("A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."); *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 497 (6th Cir. 2014) (explaining that once the agency makes a final decision on the plaintiff's immigration status, he could "seek review of intermediate agency actions, including the termination of his refugee status and the denial of his status adjustment application").

To that end, the plaintiffs argue that—in the event the Court concludes the First Decision is a non-final action—they "should be afforded the opportunity to amend their

9

[C]omplaint after [the Director] completes the administrative record." To obtain leave to file an amended complaint, though, the plaintiffs must file an appropriate motion in this Court, not bury a conditional request in their brief. *See* Fed. R. Civ. P. 7(b)(1); NECivR 15.1(a); *see also Wolgin v. Simon*, 722 F.2d 389, 394-95 (8th Cir. 1983) (concluding "a party must submit a proposed amendment along with its motion" to be entitled to leave to amend). The Court will delay the entry of judgment to give the plaintiffs the opportunity to file such a motion. *See UMB Bank, N.A. v. Guerin*, 89 F.4th 1047, 1057 (8th Cir. 2024) (explaining that, after the entry of judgment, a motion for leave to amend is governed by the stringent standards in Federal Rules of Civil Procedure 59(e) and 60(b) instead of Federal Rule of Civil Procedure 15(a)(2)).

In light of the foregoing,

IT IS ORDERED:

1. Defendant Ur M. Jaddou's Motion to Dismiss for Lack of Subject Matter Jurisdiction in Light of Subsequent Administrative Developments (Filing No. 23) is granted in part under Rule 12(b)(6). The Director's motion to dismiss the plaintiffs' Complaint as moot under Rule 12(b)(1) is denied as moot.
2. Plaintiffs Yury Balakirev and Violetta Balakireva's Motion for Declaratory Judgment, or Alternatively, to Compel Defendant to Complete the Administrative Record, or Alternatively, to Conduct Discovery (Filing No. 19) is denied as moot.
3. The plaintiffs' Complaint (Filing No. 1) is dismissed without prejudice.
4. The plaintiffs must move for leave to file an amended complaint on or before July 31, 2024. The failure to do so may result in the entry of judgment against them without further notice.

Dated this 10th day of July 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge