IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YURY BALAKIREV and VIOLETTA BALAKIREVA, | |
| Plaintiffs, | 4:23CV3033 |
| v. | MEMORANDUM AND ORDER |
| UR M. JADDOU, Director, United States Citizenship and Immigration Services, | |
| Defendant. | |

This matter is back before the Court on plaintiffs Yury Balakirev ("Balakirev") and Violetta Balakireva's (together, the "plaintiffs") "Motion For Reconsideration, or Alternatively, to Certify for Appeal Pursuant To 28 U.S.C. § 1292(b)," "Motion to Stay Deadline to File a Motion for Leave to Amend Their Complaint," and "Motion for Leave to File Amended Complaint" (Filing Nos. 41, 43, 45). The Court grants the plaintiffs leave to file their amended complaint but otherwise denies their motions.

I.   BACKGROUND

In this action (Filing No. 1), the plaintiffs raise an Administrative Procedure Act ("APA"), *see* 5 U.S.C. § 551 *et seq*., challenge to the United States Citizenship and Immigration Services's ("USCIS") February 17, 2023 denial (the "First Decision") of Balakirev's Form I-140 Immigrant Petition for Alien Workers ("Form I-140"). The plaintiffs allege that denial was arbitrary and capricious and demonstrates the USCIS "mov[ed] the goalposts" of the applicable evidentiary standards to deny Balakirev's Form I-140 petition. *See* 8 C.F.R. § 204.5(h) (setting forth the evidentiary burden for a Form I-140 petitioner seeking an EB-1A visa).

A few months after the plaintiffs filed their complaint in this case, the USCIS unilaterally reopened Balakirev's Form I-140 petition, giving him an opportunity to

provide additional evidence in support of his petition. After Balakirev submitted further evidence of his qualifications, the USCIS again denied his petition on September 14, 2023 (the "Second Decision"). The next day, defendant Ur M. Jaddou, the Director of the USCIS (the "Director"), answered the plaintiffs' complaint (Filing No. 12).

Pursuant to the parties' Joint Proposed Progression Schedule (Filing No. 17), the Director filed the administrative record (Filing No. 18) from the adjudication of Balakirev's Form I-140 petition, including records from the reopened proceedings. In their "Motion for Declaratory Judgment, or Alternatively, to Compel Defendant to Complete the Administrative Record, or Alternatively, to Conduct Discovery" (Filing No. 19), the plaintiffs fiercely objected to the inclusion of those latter records. They claimed the First Decision remained the operative final agency action for purposes of judicial review and the administrative record "should [have] be[en] limited to the documents" relied on at that time. The Director opposed that motion (Filing No. 22) and also moved to dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) (Filing No. 23), arguing the Court lacked subject-matter jurisdiction over the plaintiffs' claims which, in her view, no longer challenged a final agency action after she issued the Second Decision. *See* 5 U.S.C. § 704 (subjecting only "final agency action . . . to judicial review").

On July 10, 2024, the Court granted the Director's motion for dismissal after deciding it was more properly construed as a Rule 12(b)(6) motion (Filing No. 40). *See Iowa League of Cities v. EPA*, 711 F.3d 844, 863 n.12 (8th Cir. 2013) (describing the APA's finality requirement as an element of a cause of action, not a jurisdictional prerequisite). After carefully considering the plaintiffs' authority that an earlier, superseded agency determination may remain final where proceedings were reopened "in name only," the Court found the First Decision was, in fact, rendered non-final under the particular facts of this case. *RELX, Inc. v. Baran*, 397 F. Supp. 3d 41, 51 (D.D.C. 2019); *compare Mantena v. Hazuda*, Case No. 17cv5142, 2018 WL 3745668, at *6 (S.D.N.Y.

2

Aug. 7, 2018), *with Amponsah v. Barr*, Case No. 20 C 4639, 2020 WL 7327699, at *2 n.1 (N.D. Ill. Dec. 11, 2020). The plaintiffs' motion was therefore denied.

Out of fairness and to give the plaintiffs an opportunity to present their claims, the Court delayed entering judgment based on their request that they "should be afforded the opportunity to amend their complaint" under such circumstances. The Court gave them until July 31, 2024, to seek leave to file an amended complaint.

Apparently having changed their minds, the plaintiffs now attempt to follow a different course. On July 26, 2024, they filed the present motion asking the Court to reconsider its decision. They point to a number of purported errors, including the Court's decisions to (1) construe the Director's Rule 12(b)(1) motion as one under Rule 12(b)(6), (2) consider facts outside their complaint, and (3) grant dismissal. In the alternative, they request the Court certify its dismissal for an interlocutory appeal, setting forth a number of issues they wish to have reviewed by the Eighth Circuit. *See* 28 U.S.C. § 1292(b) (permitting a district court to certify an interlocutory appeal of an order involving "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation").

On the same day—with the deadline looming—the plaintiffs also filed a motion for a stay of the deadline for seeking leave to file an amended complaint. They asserted a number of reasons for that requested stay, including the pending motion for reconsideration. When the deadline approached a few days later, the plaintiffs filed the present motion asking for leave to file an amended complaint challenging the First and Second Decisions under the APA. *See* Fed. R. Civ. P. 15(a)(2); NECivR 15.1.

On August 20, 2024, the Court ordered the Director to respond to the plaintiffs' pending motions (Filing No. 47). The Director opposes (Filing No. 48) the plaintiffs' motions for reconsideration and certification for appeal. As for amendment, the Director

suggests the plaintiffs' motion for leave to file an amended complaint should be granted and asserts their motion to stay is moot.

## II.  DISCUSSION

### A.  Motion For Reconsideration

The plaintiffs' preference is for the Court to reconsider its July 10, 2024 Memorandum and Order and "allow the [p]arties to file for summary judgment based on the First Denial." As they point out, a motion for reconsideration is commonly construed as either "a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). The standard for such motions is relatively narrow and exacting. *See Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (explaining relief under Rule 59(e) is "generally available only when a manifest error affects the correctness of the judgment" (internal quotation omitted)); *United States v. Metro. St. Louis. Sewer Dist.*, 440 F.3d 930, 933 n.3 (8th Cir. 2006) ("Rule 59(e) and Rule 60(b)(2) are analyzed identically."). A court will only grant a party's motion to reconsider its judgment to correct "manifest errors of law or fact" or consider "newly discovered evidence." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 (internal quotations omitted); *see also White v. Nat'l Football League*, 756 F.3d 585, 596 (8th Cir. 2014) (stating Rule 60(b) "is designed to prevent injustice by allowing a court to set aside the unjust results of litigation").

The Court has not yet entered judgment in this case. In some cases at this procedural stage, courts have analyzed a motion to reconsider under the provisions cited by the plaintiffs. *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (stating a motion for reconsideration "not directed to a final judgment, but rather to a nonfinal order," was properly construed under Rule 60(b), not Rule 59(e)); *see also* Fed. R. Civ. P. 54(a) (stating "any order from which an appeal lies" may constitute a judgment). On the other hand, the Court generally retains the inherent power to reconsider or modify an order prior to the entry of judgment. *See* Fed. R. Civ. P. 54(b) (providing an order that "does not end the action . . . may be revised at any time before the entry of a judgment");

4

*K.C.1986 Ltd. Part. v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) ("The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." (quoting *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995)); *see also Hunt v. Hopkins*, 266 F.3d 934, 936 (8th Cir. 2001) (explaining a dismissal order is not presumptively final when the district court manifests the intention to allow the filing of amended pleadings).

Either way, the Court sees no reason to reconsider or alter its recent Memorandum and Order in this case. To start, the plaintiffs' assertion that the Court improperly "dismissed [their] complaint under Rule 12(b)(6) *sua sponte*" is unpersuasive. Courts frequently recharacterize parties' motions "to create a better correspondence between [their] substance" and "underlying legal bas[es]." *Castro v. United States*, 540 U.S. 375, 381-82 (2003); *see also BBCA, Inc. v. United States*, 954 F.2d 1429, 1431-32 (8th Cir. 1992) (stating "the substance of a motion rather than the form of a motion is controlling"). The use of that common practice does not render the Court's conditional dismissal of their complaint improper here.[1] *See Mantena*, 2018 WL 3745668, at *3 (stating in like circumstances that whether a court labels its dismissal of an action as one Rule 12(b)(1) or (6) "ma[de] little practical difference" (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996))).

Next, the plaintiffs' assert the Court practically ignored their complaint and failed to grant them the proper Rule 12(b)(6) protections. Those assertions are patently false. The Court thoroughly considered the plaintiffs' factual allegations and accepted them as true. *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 195 (2024) ("At this stage . . . the Court must assume the well-pleaded factual allegations in the complaint are true.").

---

[1] At most, the Court arguably should have construed the Director's motion as one under Rule 12(c) instead of (b)(6). *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (construing the city's Rule 12(b)(6) motion "as if it had been styled as a 12(c) motion" since "a Rule 12(b)(6) motion cannot be filed after an answer has been submitted"). But that distinction is a "purely formal" one, resulting in the same standards and analysis the Court previously employed. *Id.*

Nor did the Court err in considering the facts surrounding the Second Decision in finding the plaintiffs' complaint challenged a non-final agency decision. In considering a motion under Rule 12(b)(6), "courts are not strictly limited to the four corners of complaints." *Dittmer Props., L.P. v. FDIC*, 708 F.3d 1011, 1021 (8th Cir. 2013). Instead, they "may consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting a motion to dismiss under Rule 12(b)(6) into one for summary judgment." *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (quoting *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017)).

In that vein, courts regularly "take judicial notice of . . . records of administrative actions" at this stage. *Ray v. City of Chicago*, 629 F.3d 660, 665 (7th Cir. 2011); *see also Mantena*, 2018 WL 3745668, at *6 (considering the administrative record in determining whether a complaint should be dismissed for lack of finality after the USCIS reopened the plaintiff's immigration proceedings); *RELX, Inc.*, 397 F. Supp. 3d at 50-51 (same). And while the plaintiffs "have raised several concerns" regarding the filed administrative record in this case, the basic facts about the proceedings the Court relied on in its determination are undisputed or, at the very least, unaffected by their complaints.[2] The Court therefore appropriately considered the facts about the Second Decision that were put at issue by both parties' arguments.

B.  **Motion to Certify for Appeal**

As an alternative to the Court reversing course, the plaintiffs ask the Court to certify its July 10, 2024 Memorandum and Order for immediate appeal. *See* 28 U.S.C. § 1292(b). The Courts of Appeals ordinarily "review only final decisions of district courts." *Noon v. City of Platte Woods*, 94 F.4th 759, 763 (8th Cir. 2024); *see also* 28 U.S.C. § 1291; *In re Mun. Stormwater Pond Coordinated Litig.*, 73 F.4th 975, 979 (8th

---

[2]Many of those events detailed by the administrative record are presented by the plaintiffs in their briefing of the pending motions as "undisputed" facts.

6

Cir. 2023) (stating that "longstanding requirement . . . is designed to 'save the expense and delays of repeated appeals in the same suit, and to have the whole case and every matter in controversy in it decided in a single appeal'" (quoting *McLish v. Roff*, 141 U.S. 661, 665-66 (1891))). Under 28 U.S.C. § 1292, the Circuit Courts have authority to review a limited range of interlocutory orders. Those include certain interlocutory orders that a district judge certifies are appropriate for immediate review. *See id.* § 1292(b).

When the district court finds an interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," it may certify the order for immediate appeal. *Id.*; *see also White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) ("The requirements of § 1292(b) are jurisdictional."). The Court grants requests for certification "sparingly, [as] the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White*, 43 F.3d at 376. Though the plaintiffs ask the Court to certify particular "issues for interlocutory appeal," certification under § 1292(b) gives the appellate court jurisdiction to review the entire order challenged, not discrete questions picked by the parties. *See Yamaha Motor Corp., USA v. Calhoun*, 516 U.S. 199, 205 (1996); *Linton v. Shell Oil Co.*, 563 F.3d 556, 557 (5th Cir. 2009) (per curiam) (stating "section 1292(b) authorizes certification of orders for interlocutory appeal, not certification of questions"); *In re Trump*, 874 F.3d 948, 951 n.3 (6th Cir. 2017) (same).

The plaintiffs set out a few issues that were, to varying degrees, relevant to the Court's dismissal which they think warrant immediate review. Those include the following:

> 1. Whether allowing USCIS to simultaneously reopen immigration applications and require applicants to respond to [Requests for Evidence] and [Notices of Intent to Deny ("NOID")] within 30 days without first allowing applicants 30 days to oppose reopening proceedings satisfies 8 C.F.R. § 103.5(a)[.]

> 2. Whether indicating that USCIS plans to provide a NOID after reopening a case satisfies the requirement that USCIS must have a reason for sua sponte reopening an immigration case[.]
>
> 3. Whether a litigant challenging final agency action should be afforded discovery where irregularities come to light after the filing of the Complaint.

Overall, they contend the three criteria for certification—that "(1) the order 'involves a controlling question of law,'" "(2) 'there is substantial ground for difference of opinion,'" "and (3) certification will 'materially advance the ultimate termination of the litigation'"—are all met with regard to the highlighted questions. *White*, 43 F.3d at 377 (quoting *Pascall v. Kan. City Star Co.*, 605 F.3d 403, 411 n.10 (8th Cir. 1979)). The plaintiffs also continue to fault the Court for failing to grant their discovery request based on the USCIS's alleged "bad faith acts" and dismissing their complaint "*sua sponte*."

The Court has thoroughly considered the plaintiffs' proffered reasoning for certification but, ultimately, agrees with the Director that they fail to meet their heavy burden to show the existence of a "substantial ground for difference of opinion." *Id.* "[I]dentification of 'a sufficient number of conflicting and contradictory opinions' [may] provide substantial ground for disagreement." *Id.* at 378 (quoting *Oyster v. Johns–Manville Corp.*, 568 F. Supp. 83, 88 (E.D. Pa. 1983)); *see also S.B.L. ex rel. T.B. v. Evans*, 80 F.3d 307, 311 (8th Cir. 1996) (concluding the circumstances demonstrated "substantial ground for difference of opinion" where the parties presented "no less than four [competing] legal theories" for liability). But a dearth of controlling case law does not constitute a sufficient dispute. *White*, 43 F.3d at 378. A "party's strong disagreement with the Court's ruling," assertion that "one precedent rather than another is controlling," or claim that "settled law might be applied differently" also fail to meet this onerous burden. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (internal quotations omitted); *see also In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (per curiam) (stating the district court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a

8

*substantial* ground for dispute" (quoting *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D.Pa.1983)).

As to their first issue, the plaintiffs present a few lower court characterizations of what process is required under 8 C.F.R. § 103.5(a) in validly reopening an immigration petition. At least one court believed that regulation requires giving a petitioner thirty days, separate from any other proceedings or deadlines, to submit a brief regarding their decision to reopen the proceedings sua sponte. *See Otero v. Johnson*, Case No. CIV 16-090-TUC-CKJ, 2016 WL 6476292, at *11 (D. Ariz. Nov. 2, 2016) (reasoning that 8 C.F.R. § 103.5(a)(5)(ii) presumably requires the USCIS to give an "opportunity for a claimant to submit a brief" after reopening their petition in determining the plaintiff's amended claims were not futile).[3] Others have been assured that the regulation only requires the USCIS to provide 30 days for the petitioner to respond to a NOID subsequent to reopening. *See 6801 Realty Co. v. USCIS*, 719 F. App'x 58, 60 (2d Cir. 2018) (summary order) (stating 8 C.F.R. § 103.5(a)(5)(ii) requires the USCIS to "allow the applicant a period of thirty days to submit new evidence regarding the application" after reopening their petition); *Reyes v. Rodriguez*, Case No. 2:15-cv-000195-DCN, 2015 WL 13919460, at *1 (explaining the regulation gave the applicant thirty days to respond to a NOID after the USCIS reopened their petition).

---

[3]The Director aptly questions the strength of *Otero*'s ruling and the plaintiffs' use of the case to establish a basis for a substantial dispute. Multiple courts have rejected the application of *Otero*'s to cases like this one, finding it inapposite and tenuous. *See Abrahamyan v. United States*, Case No. CV 20-2928-CBM-(PJWx), 2020 WL 7231122, at *2 n.4 (C.D. Cal. Oct. 13, 2020) (stating *Otero* was inapposite because it "involved an application for a temporary restraining order," did not determine whether the Court had authority to review a claim over a reopened petition, and relied on multiple cases "address[ing] judicial review under the Medicare and Social Security Acts"); *Utah Life Real Est. Grp., LLC v. USCIS*, 259 F. Supp. 3d 1294, 1299 (D. Utah 2017) (concluding *Otero* was "not persuasive" because it relied on cases concerning Social Security appeals that were not relevant to "lawsuits reviewing an administrative determination" by the USCIS).

But a couple of district court cases coming to different conclusions on an issue lacking substantial relevance to the Court's order does not warrant an immediate appeal. The plaintiffs previously faulted the USCIS for failing to "indicate that Plaintiffs had thirty days to submit a brief related to the motion to reopen"—process they contend is required by 8 C.F.R. § 103.5(a)(5)(ii). The Court found the USCIS had "largely complied" with the applicable regulations in reopening Balakirev's petition for purposes of whether the First Decision was rendered non-final. The Court did not speak to what exactly is required under § 103.5(a)(5)(ii) but merely found the USCIS did enough to ensure the renewed proceedings were not a farse. So it's hard to think that an answer to this question on an immediate appeal would alter the Court's analysis. Regardless, the plaintiffs' authority leaves something to be desired in showing a substantial dispute among courts.

The plaintiffs' second issue fares no better. Even the most-favorable reading of their argument reveals no obvious legal dispute between the cases they cite. "[F]acts unique to [these] cases" warranted different conclusions as to whether the USCIS offered a valid reason for reopening or otherwise appeared to genuinely reopen the plaintiff's petition. *RELX, Inc.*, 397 F. Supp. 3d at 51. The district court in *RELX, Inc.* itself noted the factual distinction between that case and *German Language Center v. United States*, Case No. H-09-3950, 2010 WL 3824636, at *3 (S.D. Tex. Sept. 27, 2010), in concluding that the government's proffered purpose in defending against the underlying APA action "fail[ed] to provide any reason for why the agency reopened the petition." 397 F. Supp. 3d at 52.

Finally, the plaintiffs' third issue is mired by their confusing and disjointed briefing. Again, the cases they cite do not clearly demonstrate a substantial legal dispute, let alone one regarding if and when discovery is warranted in cases like this one. Their argument jumping from whether finality is a "question of the merits under the APA" to whether "a lawsuit is moot where subsequent agency action supersedes the initial action"

is a head-scratcher to say the least. Whatever they intended to argue, the Court is certain it fails to satisfy the heavy burden of establishing the need for an interlocutory appeal under § 1292.

All in all, the courts' analysis of these issues presents case-specific questions which will inevitably result in case-specific determinations. Such determinations predominantly involve distinctions without an ultimate difference for purposes of whether an interlocutory appeal is warranted. Without a field of genuinely conflicting caselaw, the plaintiffs' request would make such piecemeal litigation the norm instead of an exception. *See Jones v. W. Plains Bank & Tr. Co.*, 813 F.3d 700, 703 (8th Cir. 2015) (requiring the district court to consider "judicial administrative interests, particularly the interest in preventing piecemeal appeals," in deciding whether to certify an interlocutory appeal).

The Court also agrees with the Director that an "interlocutory appeal on this case would not advance [] the ultimate termination of the litigation." *See White*, 43 F.3d at 378-79 (concluding an interlocutory appeal would not advance the termination of the litigation where "litigation will be conducted in substantially the same manner regardless of [the court of appeal's] decision"). The plaintiffs requested, and the Court provided an opportunity for, proceedings that would advance this litigation: the filing of an amended complaint. As demonstrated by their proposed amended complaint, the current proceedings in this Court still leave open an avenue to challenge the First Decision and many of the issues the plaintiffs have raised with regard to the propriety of the administrative record and the USCIS's actions. *See* 5 U.S.C. § 704 ("A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."). That fact also refutes the existence of any "danger of hardship or injustice [] which would be alleviated by immediate appeal." *Jones*, 813 F.3d at 703 (quoting *Williams v. County of Dakota*, 687 F.3d 1064, 1067 (8th Cir. 2012)).

Put simply, the plaintiffs want to have their cake and eat it too. They requested the opportunity to amend and, given the circumstances, the Court ensured they would have another go at asserting their claims against the Director. Given that, the Court's Memorandum and Order granting dismissal remains unappealable. If they didn't wish to amend, they would have an immediate opportunity to have their qualms considered by the Eighth Circuit. They cannot have it both ways.

C. **Motion for Leave to Amend**

That brings the Court to the plaintiffs' request for leave to file an amended complaint "to address the [Director's] subsequent reopening" and Second Decision. Under Rule 15(a)(2), leave to amend is "freely given to promote justice." *GWG DLP Funding V, LLC.*, 54 F.4th at 1036. Here, the Director does not oppose the plaintiffs' motion but asks that she have thirty days to answer or otherwise respond once the amended complaint is filed. *See* Fed. R. Civ. P. 15(a)(3). Both parties' requests seem reasonable given the record in this case. Thus, in light of the foregoing,

IT IS ORDERED:

1. Plaintiffs Yury Balakirev and Violetta Balakireva's Motion For Reconsideration, or Alternatively, to Certify for Appeal Pursuant To 28 U.S.C. § 1292(b) (Filing No. 41) is denied.

2. The plaintiffs' Motion for Leave to File Amended Complaint (Filing No. 45) is granted. The plaintiffs should file their proposed amended complaint by September 17, 2024.

3. Defendant Ur M. Jaddou will have 30 days from the filing of the plaintiffs' amended complaint to answer or otherwise respond.

4. The plaintiffs' Motion to Stay Deadline to File a Motion for Leave to Amend Their Complaint (Filing No. 43) is denied as moot in light of the above rulings.

Dated this 10th day of September 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge